### IN the MATTER OF J.W.W.

### NO. 01-16-00394-CV, NO. 01-16-00395-CV

Court of Appeals of Texas,
Houston (1st Dist.).

Opinion issued November 3, 2016

Gary M. Polland, Houston, TX, for appellant.

Devon Anderson, District Attorney—Harris County, Houston, TX, Melissa H. Stryker, Assistant District Attorney, Harris County, Texas, Houston, TX, for appellee.

Panel consists of Justices Jennings, Keyes, and Brown.

## OPINION

Terry Jennings, Justice

In these accelerated appeals,[1] appellant, J.J.W., a minor, challenges the juvenile court's orders, entered after a hearing, waiving its exclusive original jurisdiction over the cases and transferring them to the criminal district court for him to be tried as an adult for the felony offenses of escape from custody, causing serious bodily injury,[2] and assault of a public servant.[3] In two issues, J.W.W. contends that the juvenile court erred in waiving its exclusive original jurisdiction and transferring the cases to a criminal district court on the grounds that the evidence is legally and factually insufficient to support certain findings made by the juvenile court.

We affirm.

## Background

On November 20, 2015, the State, in trial court cause number 2015-06714J-Amended, filed a petition to adjudicate J.W.W. a juvenile delinquent, alleging that he "unlawfully, intentionally, knowingly escape[d] from custody while detained in a secure detention facility ..., namely [the] Harris County Juvenile Detention Center[,] and to effect his escape, [he] caused serious bodily injury to" Juvenile Supervision Officer T. Keneaster. On December 16, 2015, the State, in trial court cause number 2015-07198J-Amended, filed a petition to adjudicate J.W.W. a juvenile delinquent, alleging that he "unlawfully and intentionally, knowingly cause[d] bodily injury to [Juvenile Supervision Officer R. Brown] ..., a person th[at] [he] knew was a public servant while [Brown] was lawfully discharging an official duty, ... by striking [Brown] with his hand." The State then moved, in both cases, for the juvenile court to waive its exclusive original jurisdiction over the cases and transfer them to the criminal district court for J.W.W. to stand trial as an adult.[4]

At the transfer hearing on the State's motions,[5] Harris County Constable's Office, Precinct 1, Deputy S. Hausler, assigned to the Harris County Juvenile Detention Center, testified that on November 15, 2015, he reported to the detention center and reviewed videotape footage of three juvenile offenders escaping from custody. The escape incident occurred on the seventh floor of the detention center and began with a juvenile offender, A.C., in his cell. A.C., whose cell door was open at the time, exited his cell and "viciously assault[ed]" Officer Keneaster. A.C. picked

---

1. *See* Tex. Fam. Code Ann. § 56.01(c)(1)(A), (h) (Vernon Supp. 2016) (providing right to immediate appeal from order "respecting transfer of [a] child for prosecution as an adult" and instructing appeal from such order has "precedence over all other cases"); *see also* Tex. R. App. P. 28.1.

2. *See* Tex. Penal Code Ann. § 38.06(a)(3), (e)(1) (Vernon Supp. 2016) (first-degree felony offense); *see also* Tex. Fam. Code Ann. § 51.02(14) (Vernon Supp. 2016) (defining "[s]ecure detention facility" (internal quotations omitted)); appellate cause no. 01-16-00394-CV; trial court cause no. 2015-06714J-Amended.

3. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(1) (Vernon Supp. 2016) (third-degree felony offense); appellate cause no. 01-16-00395-CV; trial court cause no. 2015-07198J-Amended.

4. *See* Tex. Fam. Code Ann. § 54.02(m) (Vernon 2014) (providing "juvenile court *shall* waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal court for criminal proceedings" if certain conditions are met (emphasis added)).

5. *See id.* § 54.02(c) ("The juvenile court shall conduct a hearing without a jury to consider transfer of the child for criminal proceedings.").

up Keneaster, threw him onto the floor, and punched him in the face several times until he appeared to be unconscious. A.C. then obtained Keneaster's keys, unlocked two additional cell doors, and released two other juvenile offenders, J.W.W. and D.H.[6] Hausler noted that while A.C. attacked Keneaster, J.W.W. "put[ ] something around his face to try and hide his identity and [to] prepare to be let out of his cell."

After A.C., J.W.W., and D.H. exited their respective cells, they went to the control room, acquired fire extinguishers, and proceeded down several flights of stairs to the probation area on the first floor of the detention center. They then left the detention center through the final exit door onto the street. Although law enforcement officers apprehended A.C. and D.H. the next day, they did not apprehend J.W.W. until five days after the escape.

Deputy Hausler opined that A.C., J.W.W., and D.H. had planned their escape and were organized. "It did not appear that they were not prepared for their next action or . . . the route they were taking or what they were going to do." In regard to Officer Keneaster's injuries, Hausler noted that "[h]is face was extremely swollen on both sides," "[t]he inside of his lips were cut, bruised, and he had bruising all about his face and neck." He had to be transported to a hospital and lost several teeth.

Deputy Hausler further testified that on December 9, 2015, Officer Brown took J.W.W. from his cell and escorted him to the first floor of the detention center for a hearing before a judge. Following the

hearing, Brown escorted J.W.W. back to his cell. Once inside the cell, Brown removed the handcuffs on J.W.W., who then assaulted Brown by striking him in his face. Brown sustained a cut near his left eye and bruising. And J.W.W. suffered "bruising and swelling to his right fist and knuckle area."

Finally, Deputy Hausler noted that, at the time of the hearing, J.W.W. had "two previously certified aggravated robber[y]" cases pending against him. He noted further that there had been no adjudication in either case, the cases had not been dismissed, and J.W.W. had not been found not guilty in either case.

The juvenile court admitted into evidence an Order to Waive Jurisdiction from trial court cause number 2014-02350J-Amended, reflecting that it had previously waived its exclusive original jurisdiction over J.W.W. and ordered him transferred to the criminal district court for proceedings after finding that he was "charged with a violation of a penal law of the grade of felony, namely Aggravated Robbery, committed on or about the 9th day of April, 2014"; there had been "no adjudication of th[e] offense"; he was "14 years of age or older at the time of the commission of the alleged offense having been born on May 22, 1999"; there was "probable cause to believe that [he] committed the Aggravated Robbery alleged in the [State's] petition"; and "because of the seriousness of the offense and/or the background of [J.W.W.], . . . the welfare of the community require[d] [a] criminal proceeding."[7]

---

**6.** In addition to taking Officer Keneaster's keys, A.C. took his cellular telephone and radio.

**7.** *See id.* § 52.04(a). The juvenile court also admitted into evidence the State's petition in cause number 2014-02350J-Amended and the Harris County Grand Jury's true bill of indict-

ment, alleging that J.W.W. "on or about April 9, 2014, did then and there unlawfully, while in the course of committing theft of property owned by [the complainant], and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place [the complainant] in fear of imminent bodily injury and death, and [J.W.W.] did

The juvenile court also admitted into evidence an Order to Waive Jurisdiction from trial court cause number 2014-02415J-Amended, reflecting that it had previously waived its exclusive original jurisdiction over J.W.W. and ordered him transferred to the criminal district court for criminal proceedings after finding that he was "charged with a violation of a penal law of the grade of felony, namely Aggravated Robbery, committed on or about the 29th day of March, 2014"; there had been "no adjudication of th[e] offense"; he was "14 years of age or older at the time of the commission of the alleged offense having been born on May 22, 1999"; there was "probable cause to believe that [he] committed the Aggravated Robbery alleged in the [State's] petition"; and "because of the seriousness of the offense and/or the background of [J.W.W.], . . . the welfare of the community require[d] [a] criminal proceeding."[8]

After the hearing, the juvenile court waived its exclusive original jurisdiction over the cases and ordered them transferred to the criminal district court for J.W.W. to stand trial as an adult.[9]

## Standard of Review

The Juvenile Justice Code governs proceedings in all cases involving the delinquent conduct of an individual who was a child at the time he engaged in the conduct. Tex. Fam. Code Ann. § 51.04(a) (Vernon Supp. 2016); see also id. §§ 51.02(2)(A) (defining "[c]hild" as person "ten years of age or older and under 17 years of age" (internal quotations omitted)), 51.03(a)(1) (defining "[d]elinquent conduct" as conduct "violat[ing] a penal law of th[e] state or of the United States punishable by imprisonment or by confinement in jail") (Vernon Supp. 2016). The juvenile court has exclusive original jurisdiction over all proceedings governed by the Juvenile Justice Code. Id. § 51.04(a); see also Moon v. State, 451 S.W.3d 28, 37–38 (Tex. Crim. App. 2014); In re S.G.R., 496 S.W.3d 235, 238 (Tex. App.–Houston [1st Dist.] 2016, no pet.) ("[J]uvenile courts have exclusive original jurisdiction over cases involving what otherwise would be criminal conduct by children 10 years of age or older and under 17 years of age.").

However, a juvenile court may waive its exclusive original jurisdiction after an evidentiary hearing and transfer a child to the appropriate district court for criminal proceedings if certain conditions are met. See Tex. Fam. Code Ann. § 54.02(a), (c), (j), (l), (m) (Vernon 2014); see also Moon, 451 S.W.3d at 38 ("The right of the juvenile offender to remain outside the jurisdiction of the criminal district court . . . is not absolute."); In re K.J., 493 S.W.3d 140, 146 (Tex. App.–Houston [1st Dist.] 2016, no pet.) ("[J]uvenile court can, under certain

---

then and there use and exhibit a deadly weapon, namely, a FIREARM." See Tex. Penal Code Ann. § 29.03(a) (Vernon 2011) (aggravated robbery).

8. See Tex. Fam. Code Ann. § 52.04(a). The juvenile court admitted into evidence the State's petition in cause number 2014-0415J-Amended and the Harris County Grand Jury's true bill of indictment, alleging that J.W.W. "on or about March 29, 2014, did then and there unlawfully, while in the course of committing theft of property owned by [the complainant], and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place [the complainant] in fear of imminent bodily injury and death, and [J.W.W.] did then and there use and exhibit a deadly weapon, namely, a FIREARM." See Tex. Penal Code Ann. § 29.03(a) (aggravated robbery).

9. See id. § 54.02(m) (providing "juvenile court *shall* waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal court for criminal proceedings" if certain conditions are met (emphasis added)).

circumstances, waive jurisdiction and transfer a juvenile to an adult court . . . .").

 On appeal from a juvenile court's order waiving its exclusive original jurisdiction, we first review the legal and factual sufficiency of the evidence relating to the juvenile court's specific findings of fact. *Moon*, 451 S.W.3d at 47; *In re S.G.R.*, 496 S.W.3d at 238. When reviewing the legal sufficiency of the evidence, we credit the proof favorable to the findings and disregard contrary proof unless a reasonable fact finder could not reject it. *Moon v. State*, 410 S.W.3d 366, 371 (Tex. App.–Houston [1st Dist.] 2013), *aff'd*, 451 S.W.3d 28 (Tex. Crim. App. 2014); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). If there is more than a scintilla of evidence supporting a finding, then the proof is legally sufficient. *Moon*, 410 S.W.3d at 371. When reviewing the factual sufficiency of the evidence, we consider all of the proof presented to determine whether the juvenile court's findings are so against the great weight and preponderance of the proof as to be clearly wrong and unjust. *Id.* But our review of the sufficiency of the evidence supporting waiver is limited to the facts the juvenile court expressly relied on in its order waiving its jurisdiction. *Moon*, 451 S.W.3d at 50.

If the findings of the juvenile court are supported by legally- and factually-sufficient evidence, then we review the ultimate waiver decision under an abuse-of-discretion standard. *Id.* at 47; *see also Moon*, 410 S.W.3d at 370 ("Absent an abuse of discretion, the appellate court will not disturb a [juvenile] court's transfer and certification order."). As with any decision that lies within the discretion of the juvenile court, the salient question is not whether we might have decided the issue differently. *Moon*, 451 S.W.3d at 49. Instead, we consider in light of our review of the sufficiency of the evidence whether the juvenile court's decision was essentially arbitrary or made without reference to the statutory criteria for waiver. *Id.* at 47. So long as the juvenile court correctly applies these statutory criteria and complies with the requirement to specifically state its supporting findings, its waiver decision generally will pass muster under this standard of review. *Id.* at 49.

### Waiver of Jurisdiction

. In his first and second issues, J.W.W. argues that the juvenile court erred in waiving its exclusive original jurisdiction over the cases and transferring them to the criminal district court because the evidence is legally and factually insufficient to support the juvenile court's finding of probable cause related to the offense of escape from custody, causing serious bodily injury, and its findings, if any, "regarding [his] level of maturity and sophistication, public protection, [and] the likelihood of rehabilitation."[10] *See* Tex. Fam. Code Ann. § 54.02(a)(3), (f)(2), (4).

---

**10.** In his brief, J.W.W. concedes that "the record in this case establishes probable cause to believe [that he] committed the alleged" offense of assault of a public servant. *See id.* § 54.02(a)(3) (juvenile court may not waive its exclusive jurisdiction under subsection (a) unless it determines "there is probable cause to believe that the child before the court committed the offense alleged"). J.W.W. also concedes, and the record shows, that he was sixteen years old "when he allegedly committed a first-degree felony [offense] and a third-degree felony [offense]." *See id.* § 54.02(a)(2)(A)–(B) (juvenile court may not waive its exclusive jurisdiction under subsection (a) unless child is alleged to have committed a felony offense and he was "14 years of age or older at the time he is alleged to have committed the [first-degree felony] offense" or "15 years of age or older at the time [he] is alleged to have committed the [third-degree felony] offense").

■ Generally, the transfer of a juvenile offender from a juvenile court to a criminal district court for prosecution as an adult should be regarded as the exception, not the rule. *Moon*, 451 S.W.3d at 36. However, a juvenile offender does not have an absolute right to remain outside the jurisdiction of a criminal district court. *Id.* at 38; *see also Gentry v. State*, Nos. 01–14–00335–CR, 2016 WL 269985, 01–14–00336–CR, at *8 (Tex. App.–Houston [1st Dist.] Jan. 21, 2016, pet. ref'd) (mem. op., not designated for publication). The Juvenile Justice Code provides three mechanisms by which a juvenile court may waive its exclusive original jurisdiction over a juvenile offender: (1) Family Code section 54.02(a), allowing for discretionary waiver and transfer;[11] (2) Family Code section 54.02(j), allowing for discretionary waiver and transfer;[12] and (3) Family Code section

11. Section 54.02(a) provides:

(a) The juvenile court *may* waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was:

(A) 14 years of age or older at the time he is alleged to have committed the offense, if the offense is a capital felony, an aggravated controlled substance felony, or a felony of the first degree, and no adjudication hearing has been conducted concerning that offense; or

(B) 15 years of age or older at the time the child is alleged to have committed the offense, if the offense is a felony of the second or third degree or a state jail felony, and no adjudication hearing has been conducted concerning that offense; and

(3) after a full investigation and a hearing, the juvenile court *determines that* there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

*Id.* § 54.02(a) (emphasis added); *see also id.* § 54.02(f) ("In making the determination required by [s]ubsection (a) . . ., the court shall consider[ ] [certain] other matters . . . .").

12. Section 54.02(j) provides:

(j) The juvenile court *may* waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:

(1) the person is 18 years of age or older;

(2) the person was:

(A) 10 years of age or older and under 17 years of age at the time the person is alleged to have committed a capital felony or an offense under Section 19.02, Penal Code;

(B) 14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the first degree other than an offense under Section 19.02, Penal Code; or

(C) 15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;

(3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4) the juvenile court finds from a preponderance of the evidence that:

(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

(B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

(i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

(ii) the person could not be found; or

(iii) a previous transfer order was reversed by an appellate court or set aside by a district court; and

(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

*Id.* § 54.02(j) (emphasis added).

54.02(m), requiring mandatory waiver and transfer. *See* Tex. Fam. Code Ann. § 54.02(a), (j), (m); *see also Hidalgo v. State*, 983 S.W.2d 746, 754 n.14 (Tex. Crim. App. 1999) (transfer pursuant to Texas Family Code section 54.02(m) not discretionary).

■ The State asserts that the juvenile court waived its exclusive original jurisdiction over these cases and transferred them to the criminal district court pursuant to the mandatory transfer provision contained in section 54.02(m). Section 54.02(m) provides:

(m) Notwithstanding any other provision of this section, the juvenile court *shall* waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal court for criminal proceedings if:

(1) the child has previously been transferred to a district court or criminal district court for criminal proceedings under this section, unless:

(A) the child was not indicted in the matter transferred by the grand jury;

(B) the child was found not guilty in the matter transferred;

(C) the matter transferred was dismissed with prejudice; or

(D) the child was convicted in the matter transferred, the conviction was reversed on appeal, and the appeal is final; and

(2) the child is alleged to have violated a penal law of the grade of felony.

Tex. Fam. Code Ann. § 54.02(m) (emphasis added).

■ In a juvenile transfer proceeding, the burden is on the State to produce evidence that persuades the juvenile court, by a preponderance of the evidence, that waiver of its exclusive original jurisdiction is appropriate. *Moon*, 451 S.W.3d at 40–41, 45.

In its Orders of Mandatory Transfer to Criminal District Court, the juvenile court made the following pertinent findings:[13]

(5) On the 6th day of November, 2014, in Petition Numbers 2014-02415J-Amended and 2014-02350J-Amended, pursuant to Section 54[.]02 of the Texas Family Code, this Court previously waived jurisdiction and transferred [J.W.W.] to the criminal district court of Harris County, Texas for criminal proceedings for the offenses of Aggravated Robbery committed on the 29th of March 2014 and Aggravated Robbery committed on the 9th day of April, 2014[;]

(6) Prior to said previous transfer in Petition Numbers 2014-02415J-Amended and 2014-02350J-Amended, this Court did order and did consider the study required by Section 54[.]02(d) of Texas Family Code . . . [;]

(7) On the 24th day of February, 2016, a date after the previous transfer orders of this Court in Petition Numbers 2014-02415J-Amended and 2014-02350J-Amended, a Grand Jury of Harris County, Texas indicted [J.W.W.] for the offenses that this Court previously transferred to criminal district court, to wit Aggravated Robbery and Aggravated Robbery[;]

(8) [J.W.W.] has not been acquitted of the offenses that this Court previously transferred to criminal district

---

13. The juvenile court made the same findings in both trial court cause numbers 2015-06714J-Amended and 2015-07198J-Amended.

court in Petition Numbers 2014-02415J-Amended and 2014-02350J-Amended and for which he was indicted by a Grand Jury of Harris County, Texas[;]

(9) The offenses for which this Court previously transferred [J.W.W.] to criminal district court in Petition Numbers 2014-02415J-Amended and 2014-02350J-Amended and for which he was subsequently indicted by a Grand Jury of Harris County, Texas have not been dismissed in the criminal district court[;]

(10) [J.W.W.] has not been convicted of the offenses for which this court previously transferred him to criminal district court in Petition Numbers 2014-02415J-Amended and 2014-02350J-Amended and for which he was subsequently indicted by a Grand Jury of Harris County, Texas[;]

(11) There have not been any appeals relating to convictions of the offenses for which this Court previously transferred [J.W.W.] to criminal district court in Petition Numbers 2014-02415J-Amended and 2014-02350J-Amended and for which he was subsequently indicted by a Grand Jury of Harris County, Texas[;]

(12) The delinquent conduct by [J.W.W.] that is alleged in the petitions now pending before this Court occurred subsequent to the previous transfer orders of this Court in Petition Numbers 2014-02415J-Amended and 2014-02350J-Amended[; and]

(13) Pursuant to Section 54[.]02(m) of the Texas Family Code, the Court is obliged to waive its exclusive jurisdiction and transfer of these matters to criminal district court for criminal proceedings[.] Moreover, pursuant to Section 54[.]02(n) of the Texas Family Code, the Court may order said transfer without conducting another study of the type required by Section 54[.]02(d) of the Texas Family Code[.] The Court finds that such a study was not necessary in these cases[.]

Here, the record shows that prior to J.W.W. allegedly committing the felony offenses of escape from custody, causing serious bodily injury, on November 15, 2015 and assault of a public servant on December 9, 2015, the State had previously filed two petitions in trial court cause numbers 2014-02350J-Amended and 2014-02415J-Amended, alleging that J.W.W. had committed two separate felony offenses of aggravated robbery on April 9, 2014 and March 29, 2014, respectively.[14] The State then moved the juvenile court to waive its exclusive original jurisdiction in both cases and transfer them to the criminal district court for J.W.W. to stand trial as an adult.

Further, after a hearing, the juvenile court waived its exclusive original jurisdiction in each case and ordered them transferred to the criminal district court. On February 24, 2015, a Harris County Grand Jury issued two true bills of indictment, accusing J.W.W. of twice committing the felony offense of aggravated robbery.[15]

Deputy Hausler testified that, at the time of the hearing, J.W.W. had "two previously certified aggravated robber[y]" cases pending against him. He further noted that there had been no adjudication or dismissal in either case and J.W.W. had not been found not guilty in either case.

---

**14.** *See* TEX. PENAL CODE ANN. § 29.03(a)—(b) (aggravated robbery).

**15.** *See id.*

J.W.W., relying on Texas Family Code sections 54.02(a) and (f), asserts that the evidence is legally and factually insufficient to support the juvenile court's finding of probable cause related to the offense of escape from custody, causing serious bodily injury, and its findings, if any, "regarding [his] level of maturity and sophistication, public protection, [and] the likelihood of rehabilitation." However, the mandatory transfer provision contained in Family Code section 54.02(m) does not require the juvenile court, when waiving its jurisdiction and transferring a case to a criminal district court, to make a probable cause finding or findings regarding "the sophistication and maturity of the child," "protection of the public," or "the likelihood of the rehabilitation of the child." *Compare* TEX. FAM. CODE ANN. § 54.02(m) (mandatory transfer required when child, who has been previously transferred, *alleged* to have committed another felony offense, but not requiring any probable cause finding with regard to alleged crime), *with id.* § 54.02(a) (juvenile court may waive its exclusive original jurisdiction and transfer child to criminal district court if it "determines that there is probable cause to believe that the child before the court committed the offense alleged"), *and* § 54.02(f) ("[I]n making [it's] determination required by [s]ubsection (a) ..., the court shall consider ... the sophistication and maturity of the child ... and ... the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child ...."); *see also Hidalgo*, 983 S.W.2d at 754 n.14 (transfer pursuant to Texas Family Code section 54.02(m) not discretionary)

■ Further, to the extent that J.W.W.'s assertions can be construed as a general complaint that the juvenile court, in its orders waiving its exclusive original jurisdiction over the cases and transferring them to the criminal district court, did not

"set forth the case-specific findings of fact required by ... [Family Code section] 54.02(h)," we conclude that it did.

■ Section 54.02(h) requires a juvenile court waiving its jurisdiction to "state specifically in [its] order its reasons for waiver." TEX. FAM. CODE ANN. § 54.02(h). As the Texas Court of Criminal Appeals has explained, section 54.02(h) "contemplates that both the juvenile court's reasons for waiving its jurisdiction and the findings of fact that undergird those reasons should appear in the transfer order." *Moon*, 451 S.W.3d at 49. In other words, the juvenile court must "show its work." *Id.* (internal quotations omitted).

Here, the juvenile court did just that. *Cf. id.* (appellate court should not be "forced to speculate as to the juvenile court's reasons for finding transfer to be appropriate or the facts [that] the juvenile court found to substantiate those reasons"). And a "juvenile court that shows its work should rarely be reversed." *Id.*

Based on the foregoing, we conclude that the evidence is legally and factually sufficient to support the juvenile court's specific findings supporting the waiver of its exclusive original jurisdiction over the cases and its transfer of them to the criminal district court. *See id.* at 47; *see also* TEX. FAM. CODE ANN. § 54.02(m).

Accordingly, we hold that the juvenile court did not err in waiving its exclusive original jurisdiction over the cases and transferring them to the criminal district court for J.W.W. to be tried as an adult for the felony offenses of escape from custody, causing serious bodily injury, and assault of a public servant. *Moon*, 451 S.W.3d at 47; *see also Moon*, 410 S.W.3d at 370 ("Absent an abuse of discretion, the appellate court will not disturb a trial court's transfer and certification order.").

We overrule J.W.W.'s first and second issues.

## Conclusion

We affirm the order of the juvenile court in each case.