**Affirmed and Memorandum Opinion filed April 14, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00846-CV

---

### IN THE MATTER OF A.J.F., A CHILD

---

**On Appeal from the County Court at Law No. 2
Galveston County, Texas
Trial Court Cause No. 19-JV-0251**

---

## MEMORANDUM OPINION

In this accelerated appeal, A.J.F., a minor, challenges the juvenile court's order waiving its exclusive original jurisdiction over the felony retaliation charge against him and transferring him to a criminal district court for trial as an adult. The State moved for the juvenile court to waive its jurisdiction pursuant to Texas Family Code section 54.02(m), and the juvenile court granted the motion. In a single issue, A.J.F. contends that the evidence presented at the hearing on the motion was insufficient to support a finding of probable cause. The State asserts that there was no requirement of a probable cause finding under section 54.02(m).

We agree with the State and affirm the trial court's order.

## *Discussion*

A.J.F. has been charged with the felony offense of retaliation under Texas Penal Code section 36.06(a), based on an incident in which he allegedly threatened a juvenile detention officer while in a holding cell. Tex. Penal Code § 36.06(a)(1)(A), (c).[1] As indicated, the State filed a motion requesting that the juvenile court waive its jurisdiction and transfer the case to a criminal district court pursuant to Family Code section 54.02(m). That section provides as follows:

> (m) Notwithstanding any other provision of this section, the juvenile court shall waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal court for criminal proceedings if:
>
>> (1) the child has previously been transferred to a district court or criminal district court for criminal proceedings under this section, unless:
>>
>>> (A) the child was not indicted in the matter transferred by the grand jury;
>>>
>>> (B) the child was found not guilty in the matter transferred;
>>>
>>> (C) the matter transferred was dismissed with prejudice; or
>>>
>>> (D) the child was convicted in the matter transferred, the conviction was reversed on appeal, and the appeal is final; and
>>
>> (2) the child is alleged to have violated a penal law of the grade of felony.

---

[1] The relevant portion of section 36.06(a) provides:

(a) A person commits an offense if the person intentionally or knowingly harms or threatens to harm another by an unlawful act:

> (1) in retaliation for or on account of the service or status of another as a:
>
>> (A) public servant . . . .

After a hearing on the State's motion, the juvenile court entered an order waiving its exclusive original jurisdiction and transferring the case to a criminal district court. In the order, the trial court found, among other things, that (1) A.J.F. had been properly served and was accused of a felony offense (retaliation); (2) the court had previously waived its exclusive original jurisdiction in another felony case against A.J.F. (aggravated robbery) and that case was still pending in the criminal district court to which it was transferred; and (3) under the circumstances, waiver of the juvenile court's jurisdiction was mandatory pursuant to section 54.02(m). During the hearing, the juvenile court admitted two witness statements as well as other documents and took judicial notice of the court's file.

As mentioned, in his sole issue, A.J.F. asserts that the evidence was insufficient to support a finding of probable cause on each element of the charged offense. Specifically, A.J.F. asserts that the evidence failed to support probable cause regarding three different elements: that he was the alleged perpetrator, the complainant was a public servant, and a causal connection existed between the alleged threat and the status or service of the public servant. *See* Tex. Penal Code § 36.06(a)(1)(A); *see also Cada v. State*, 334 S.W.3d 766, 770 (Tex. Crim. App. 2011) (discussing the elements of retaliation).

Family Code section 54.02 provides three mechanisms through which a juvenile court may waive its exclusive original jurisdiction over a child accused of a crime: subsections (a) and (j) authorize discretionary waiver and transfer under certain specified circumstances and subsection (m) mandates waiver and transfer under certain specified circumstances. *See* Tex. Fam. Code § 54.02(a), (j), (m); *In Matter of J.W.W.*, 507 S.W.3d 408, 414–15 (Tex. App.—Houston [1st Dist.] 2016, no pet.). Subsections (a) and (j) expressly require the court to determine whether there is probable cause to believe that the child committed the offense alleged. *See*

3

Tex. Fam. Code § 54.02(a)(3), (j)(5). Subsection (m) just as clearly contains no such requirement. *J.W.W.*, 507 S.W.3d at 417. *See generally Arteaga v. State*, 521 S.W.3d 329, 334 (Tex. Crim. App. 2017) (explaining that we construe statutes according to their plain meaning unless such construction would lead to absurd results).

Because the statute pursuant to which the trial court waived its exclusive original jurisdiction and transferred A.J.F. to the district court did not require a finding on probable cause, whether the evidence would have supported such a finding in this case is of no moment. A.J.F. does not otherwise challenge the trial court's order. Finding no merit in A.J.F.'s argument, we overrule his sole issue.

We affirm the trial court's order.

/s/ Frances Bourliot
Justice

Panel consists of Justices Bourliot, Hassan, and Poissant.
Do Not Publish — TEX. R. APP. P. 47.2(b).