922 S.W.2d 241 (1996)
In the Matter of S.J.M.
No. 14-95-00187-CV.
Court of Appeals of Texas, Houston (14th Dist.).
April 11, 1996.
*242 Arthur C. Washington, Houston, for appellant.
Lester Blizzard, Houston, for appellee.
Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

OPINION
AMIDEI, Justice.
Appellant, a child under seventeen years, was transferred to criminal district court to stand trial as an adult. He was charged with six felonies committed while he was then sixteen years of age. In one point of error, appellant contends the trial court erred in admitting statements of co-actors at the hearing on the motion to transfer in violation of his constitutional right to confrontation of witnesses. We affirm.
S.J.M. and three other juveniles all participated in the murder of Nelson D. Fulson on May 4, 1994, an aggravated robbery of Sang Kim on April 29, 1994, an aggravated robbery of Jerry Peacock on May 5, 1994, two aggravated assaults, and an attempted capital murder of Alma Ortiz on May 5, 1994. The police obtained four confessions from the juveniles concerning the murder of Nowell D. Fulson indicating participation in the crime by S.J.M, but the stories differ as to which one was responsible for shooting Fulson. The autopsy of Nowell Fulson indicates that he died of a gunshot wound to the head by a large caliber bullet and a shotgun wound to the abdomen. The autopsy report also indicated Fulson was wounded by shotgun pellets in the leg and hand. There was evidence presented at the transfer hearing over a period of five days from police officers, victims, and witnesses indicating serious participation in these crimes by S.J.M.
Appellant complains that the court permitted the introduction into evidence of three confessions of the co-actors that implicated S.J.M. in the murder of Nowell Fulson. None of the authors of these confessions were called as witnesses at the transfer hearing of S.J.M. Appellant claims he was denied the right of confrontation and cross-examination of the witnesses as guaranteed by the Sixth Amendment to the Federal Constitution. We disagree.
The Sixth Amendment right applies specifically to criminal prosecutions and does not apply to a waiver of jurisdiction hearing. In re R.G.S., 575 S.W.2d 113, 117-18 (Tex. Civ.App.-Eastland 1979, writ ref'd n.r.e.). Because a juvenile transfer hearing is dispositional, rather than adjudicational in nature, a juvenile court may consider hearsay reports without violating the juvenile's right of confrontation. In re G.B.B., 638 S.W.2d 162, 164 (Tex.App.-Houston [1st Dist.] 1982, no writ).
The juvenile court can determine there is probable cause that the juvenile committed the offenses and that a waiver of the juvenile court's exclusive jurisdiction is appropriate. The hearing to waive the juvenile court's exclusive jurisdiction is a nonadversary preliminary hearing and hearsay, as well as written and oral testimony, is admissible in evidence. The juvenile court judge does not determine the juvenile's innocence or guilt at a certification hearing, but merely evaluates whether he should be tried as a juvenile or an adult in subsequent proceedings. Tex.Fam.Code Ann. § 54.02(a)(3) (Vernon 1975 & Supp.1987); Matter of D.W.L., 828 S.W.2d 520, 524-525 (Tex.App.-Houston [14th Dist.] 1992, no writ). We overrule appellant's sole point of error.
The judgment of the trial court is affirmed.