**Opinion issued July 17, 2025.**



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-24-00672-CV

————————————

## IN THE MATTER OF C.P.C., A CHILD

---

**On Appeal from the County Court at Law No. 1**
**Galveston County, Texas**
**Trial Court Case No. 23-JV-0261**

---

## MEMORANDUM OPINION

The State accused appellant, C.P.C. [1], of the offense of sexual assault of a child, alleging that the offense occurred while appellant was 15 years of age. *See* TEX. PENAL CODE § 22.021(a)(2)(B). Because appellant was over 18 years of age at the time of the proceedings, the State petitioned the juvenile court to waive its

---

[1] We use pseudonyms to refer to the minor appellant and complainant. *See* TEX. R. APP. P. 9.10(a)(3).

jurisdiction over appellant. *See* TEX. FAM. CODE § 54.02(j). The juvenile court granted the State's petition and waived its jurisdiction. Appellant appeals that decision, complaining of the admission of hearsay and the sufficiency of the evidence.

We affirm.

## Background

Appellant was 21 years old at the time the State filed its original petition for waiver of jurisdiction and transfer to district court. Prior to the hearing on the petition, the juvenile court had not adjudicated any of the counts the State alleged in its petition.

Detective Mandy Smith works at the Galveston Police Department's Criminal Investigations Division. In December of 2020, Galveston Police Department Officer Larry Murph referred an investigation of a suspected sexual assault of a child to Detective Smith. The complainant, D.M., made her initial outcry[2] during a therapy session. At the time D.M. made her initial outcry, appellant was 18 years and 11 months old.

Prior to the admission of any video or testimony regarding D.M.'s statements, appellant objected as follows:

---

[2] "Outcry" is a term of art used to describe the first disclosure statement that a child complainant makes to an adult. TEX. CODE CRIM. PROC. Art. 38.072; TEX. FAM. CODE § 54.031.

[V]iolation[s] of the Sixth Amendment right to confrontation as well, Judge, and also pursuant to 51.17(c) of the Texas Family Code states [sic]: Except as otherwise provided by this title, the Texas Rules of Evidence applicable to criminal cases and Articles 33.03 and 37.07 and Chapter 38 apply in a judicial proceeding under this title.

Appellant then requested a "running objection to everything that Detective Smith did not personally view, which is almost everything . . . ." The juvenile court granted the running objection. From the record, it does not appear that Detective Smith ever spoke with D.M.

The juvenile court allowed Detective Smith to testify as to the content of D.M.'s disclosure statement to D.M.'s grandmother, made after a disclosure during a therapy session. According to D.M.'s outcry statement, appellant sexually assaulted D.M. while D.M. was at a family friend's home in Galveston by penetrating her mouth, vagina, and anus.

Detective Smith identified Petitioner's Exhibit 5 as a video recording of D.M.'s forensic interview conducted by Kim Keever, which Detective Smith witnessed in person. Detective Smith also testified as to the content of the video. In the video, D.M. identified her assailant by appellant's first name. Detective Smith testified that, when asked for specific details, D.M. told the interviewer that appellant had her take off her pants and her "drawers" but then D.M. shut down

3

and did not continue to talk about the incident. Before ending the forensic interview, D.M. reported that she was lying down on her back on the floor.

Detective Smith identified records created during this investigation by the sexual assault nurse examiner (SANE), explaining that nurses and health care professionals often assist in these investigations. Detective Smith testified as to the statements that D.M. made to the SANE. D.M. told the SANE that appellant penetrated her orally, vaginally, and anally. D.M. was eight years old at the time of the incidents, which occurred around Thanksgiving.

Detective Smith did not interview D.M.'s brothers or appellant's mother, all of whom were reportedly present in the home where the alleged assault occurred at the time of the incident.

Detective Smith further explained that, as part of her investigation, she considers whether the complainant has a potential motive to lie or fabricate. Detective Smith's investigation did not identify issues she would consider possible motives to lie, such as relationship problems, custody battles, or other sources of outside influence from adults.

J.B.[3] is appellant's uncle. Appellant lived with J.B. when appellant was four or five years old and again when he was approximately 14, around the time of this

---

[3] Because C.P.C. is a respondent in a juvenile case, we use pseudonyms for his family members to avoid disclosing identifying information. TEX. FAM. CODE § 58.007 (West 2025).

alleged incident. J.B. described appellant as obedient and said that he did his chores around the house. J.B. authenticated a number of photographs of appellant on family trips and as a Junior ROTC student.

T.S. is also appellant's uncle. T.S. authenticated photos of appellant on fishing trips and volunteering at the Special Olympics with T.S.'s daughter.

Ultimately, the juvenile court found probable cause and that it was impracticable to proceed prior to appellant's eighteenth birthday because of the delayed outcry.

## Hearsay Statements

In his first issue, appellant argues that "the juvenile court violated Appellant's Sixth Amendment rights by admitting hearsay evidence without a right to confrontation."

### A.    Standard of Review

We review a juvenile court's ruling to admit or exclude evidence at a waiver and transfer hearing for an abuse of discretion. *In re A.W.*, 661 S.W.3d 547, 552 (Tex. App.—Houston [14th Dist] 2023, pet. denied) (citing *In re H.Y.*, 512 S.W.3d 467, 473 (Tex. App.—Houston [1st Dist.] 2016, pet. denied)). An abuse of discretion only occurs if the court's ruling is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *H.Y.*, 512 S.W.3d at 473 (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008)). Reversal

is only warranted where the error probably caused the rendition of an improper judgment. *A.W.*, 661 S.W.3d at 552.

## B.     Analysis

Appellant argues that the juvenile court violated his right to confrontation by admitting hearsay evidence over counsel's objection and without a hearing to determine the veracity of the statements pursuant to section 54.031 of the Texas Family Code. Additionally, according to appellant, the rules of evidence apply to a juvenile certification proceeding pursuant to section 51.17(c) of the Texas Family Code.

### I.     The Outcry Statement and Forensic Interview

To the extent that appellant objects based on the confrontation clause, we cannot say that his rights were violated. Because a juvenile transfer hearing is dispositional rather than adjudicational in nature, a juvenile court may consider hearsay without violating the juvenile's right to confrontation. *In re S.J.M.*, 922 S.W.2d 241, 242 (Tex. App.—Houston [14th Dist.] 1996, no writ).

Pertaining to the outcry statement, appellant did not object based on Section 54.031, but instead on chapter 38 of the Texas Code of Criminal Procedure as incorporated by section 51.17(c) of the Texas Family Code. Article 38.072 and section 54.031 are substantively similar, except section 54.031 allows the admission in certain circumstances of the hearsay statement of a child 12 years of

age or younger, *see* TEX. FAM. CODE § 54.031(a), and article 38.072 allows the admission in certain circumstances of a hearsay statement of a child under 14 years of age, *see* TEX. CODE CRIM. PROC. art. 38.072 § 2(a)(1)(B)(ii). Because both statutes apply to this outcry and the specific grounds for this objection are apparent from the context, this claim is preserved for appellate review. TEX. R. APP. P. 33.1(a).

In determining the applicability of section 51.17(c) to juvenile certification proceedings, we first look to the rules of statutory construction. In construing statutes, we must first focus on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text. *Whitfield v. State*, 430 S.W.3d 405, 408 (Tex. Crim. App. 2014) (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1995)). Words and phrases shall be read in context and construed according to the rules of grammar and common usage. TEX. GOV'T CODE § 311.011(a) (West 2025). However, if words and phrases have acquired a technical or particular meaning, whether by legislative definition or otherwise, they shall be construed accordingly. *Id.* § 311.011(b). Strict reading of the statutory language is necessary because "the text of the statute *is the law* in the sense that it is the only thing actually adopted by the legislators, probably through compromise, and submitted to the Governor." *Whitfield*, 430 S.W.3d at 408 (quoting *Boykin*, 818 S.W.2d at 785) (emphasis in original). Reviewing courts only consider

7

extratextual factors where the plain language of the statute would lead to absurd results, or if the plain language is not plain but rather ambiguous. *Id.* However, if a statute is plain and unambiguous, there is no need to resort to the rules of construction. *Helle v. Hightower*, 735 S.W.2d 650, 652 (Tex. App.—Austin 1987, writ denied). Such is the case here.

Texas Family Code section 51.17(c) states that, "[e]xcept as otherwise provided by this title, the Texas Rules of Evidence applicable to criminal cases and articles 33.03 and 33.07 and chapter 38, Code of Criminal Procedure, apply in a judicial proceeding under this title." "[T]his title" refers to Title 3 of the Texas Family Code, i.e., the Juvenile Justice Code, and includes section 54.02, the statute governing certification proceedings. Section 54.02(e) lists several documents that the juvenile court may consider that likely contain hearsay, opinion testimony, or both, specifically: "written reports from probation officers, professional court employees, guardians ad litem appointed under section 51.11(d), or professional consultants in addition to the testimony of witnesses." TEX. FAM. CODE § 51.11(d) (West 2025). Therefore, the plain language of these statutes suggests that the legislature intended to carve out hearsay exceptions for written reports by professionals assisting the juvenile court, as it has in other proceedings under the Family Code. *See, e.g., id.* § 107.113 (child custody evaluation report). It also

8

suggests that article 38.072 of the Texas Code of Criminal Procedure applies to transfer proceedings.

Under article 38.072, known colloquially as the "outcry witness rule," the first statement a child complainant under 14 makes about an alleged offense to a person who is 18 years of age or older is admissible if certain conditions are met. TEX. CODE CRIM. PROC. Art. 38.072, § 2. Specifically, the party intending to offer the statement must, on or before the fourteenth day before the proceeding begins, notify the adverse party of its intention to do so; provide the adverse party with the name of the witness through whom it intends to offer the statement; and provide the adverse party with a written summary of the statement. *Id*. § 2(b)(1). The court must then find, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement. *Id*. Finally, the child must testify or be available to testify at the proceeding in court or in any other manner provided by law. *Id*. § 2(b)(3). Section 54.031 provides the same procedural framework but applies more narrowly to the statement of a child 12 years of age or younger. TEX. FAM. CODE § 54.031(a) (West 2025). Each outcry statute conveys in its respective plain meaning that, when hearsay comes in the form of an outcry statement, it is subject to these procedural safeguards.

9

The record lacks any evidence of such safeguards here, however. The clerk's record contains no notice of the State's intent to introduce the outcry statement. Although there is no record of a preliminary hearing, it does not appear to be disputed that neither Detective Smith nor Kim Keever, who conducted the forensic interview, was the first person over 18 whom D.M. spoke to about the allegation, or that she was under 14 at the time of the outcry. The juvenile court made no findings about the reliability of the statement based on its time, content, and circumstances. From the record, it does not appear that Detective Smith is certain whether the proper outcry witness is D.M.'s grandmother or her therapist. Without these prerequisites, the trial court abused its discretion in admitting D.M.'s outcry statement through Detective Smith. *See, e.g.*, *Zarco v. State*, 210 S.W.3d 816, 832 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (finding error in admitting outcry statement after untimely notice by State); *Duncan v. State*, 95 S.W.3d 669, 671 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (finding error in admitting outcry statement without preliminary hearing).

The courts of appeal have characterized transfer proceedings as dispositional and not adjudicational, allowing for the admission of hearsay statements and testimonial statements from witnesses who are not present. *See, e.g.*, *A.W.*, 661 S.W.3d at 553, 554-55; *L.M.C. v. State*, 861 S.W.2d 541, 542 (Tex. App.— Houston [14th Dist.] 1993, no pet.) (holding rights to confrontation not violated

10

where evidence is not used to adjudicate guilt or innocence). We do not hold otherwise here, but that the procedure for admitting certain hearsay statements should still be followed.

## II. Harm Analysis

However, we cannot say that appellant suffered harm from the juvenile court's error in admitting the outcry testimony without the proper procedural requirements, where the juvenile court properly admitted other evidence that contained the same information that supported the probable cause finding. *Zarco*, 210 S.W.3d at 832-33 (finding admission of outcry statement where notice was deficient harmless error because other similar evidence from complaining witness was admitted at trial without objection); *Duncan*, 95 S.W.3d at 672 (finding error admitting outcry statement without a hearing was harmless because other similar evidence from complaining witness was admitted at trial without objection).

This Court can only reverse a juvenile court's order waiving jurisdiction if the error probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1); *see A.W.*, 661 S.W.3d at 552 (holding no harm demonstrated where there "was an abundance of evidence to support the trial court's finding").

As discussed above, pursuant to section 54.02(e), the juvenile court can consider certain reports notwithstanding the rules of evidence, such as written reports from probation officers, professional court employees, guardians ad litem,

11

or professional consultants. TEX. FAM. CODE § 54.02(e). Although the SANE report is not listed as one of these reports, it appears to have been properly admitted and would have survived any applicable evidentiary objection.

Generally, a document must be authenticated by a person who has personal knowledge of its contents and who can testify that the document is what the proponent claims that it is. TEX. R. EVID. 901; *Fowler v. State*, 544 S.W.3d 844, 850 (Tex. Crim. App. App. 2018) (holding that police officer authenticated store surveillance video by cross-referencing time on receipt found on scene with time stamp on video). In the case of a patient's statements in medical records, such statements are admissible if they are made for the purpose of diagnosis or treatment. TEX. R. EVID. 804(3). A statement in the records by the treatment provider is typically admissible as a record of a regularly conducted activity. *Id*. R. 803(6).

Detective Smith recognized and identified the SANE report as "a physical done by one of the nurses or medical professionals that we work with on the cases." The juvenile court admitted the record and the statements it contained. The record contained statements by D.M. again alleging that appellant penetrated D.M. orally, vaginally, and anally at a location in Galveston County, Texas when D.M. was eight years old. This record alone would have been sufficient for the juvenile court to make its probable cause finding pursuant to section 54.02(j)(5) of the

12

Texas Family Code. Appellant was not harmed by the admission of the forensic interview and outcry statement under these circumstances, where other evidence that would have been admissible under the Texas Rules of Evidence provided the same—if not more—inculpatory information than the hearsay statements in the forensic interview and Detective Smith's testimony. *Nino v. State*, 223 S.W.3d 749, 754 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (finding harmless error in admitting hearsay through improper outcry witness where additional admissible evidence provided same information).

Having found that appellant was not harmed by the erroneous admission of the forensic interview and outcry statement through Detective Smith, we now turn to appellant's second issue.

## Sufficiency of the Evidence

In his second issue, appellant argues that the evidence is insufficient to support the juvenile court's decision to waive its jurisdiction under section 54.02(j) of the Texas Family Code.

### A.    Standard of Review

Our review of a transfer order is two-pronged. *In re C.M.M.*, 503 S.W.3d 692, 701 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). First, we review a juvenile court's fact findings in support of a transfer decision under traditional evidentiary sufficiency principles. *H.Y.*, 512 S.W.3d at 478-79. We view the

evidence in the light most favorable to the challenged finding and, if more than a scintilla of the evidence supports a finding, the evidence is legally sufficient. *In re J.W.W.*, 507 S.W.3d 408, 413 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Under a factual sufficiency challenge, we consider all the evidence presented to determine if the court's findings are against the great weight and preponderance of the evidence so as to be clearly wrong or unjust. *C.M.M.*, 503 S.W.3d at 701.

Second, we review the juvenile court's waiver decision for an abuse of discretion. *C.M.M.*, 503 S.W.3d at 701. A juvenile court abuses its discretion when it acts arbitrarily or outside of the zone of reasonable disagreement. *See id*.

**B.      Analysis**

This was a transfer under Texas Family Code section 54.02(j).

A juvenile court may waive its exclusive original jurisdiction and transfer a person 18 years of age or older to the appropriate district court or criminal district court for criminal proceedings if certain criteria are met. TEX. FAM. CODE § 54.02(j)(1). For a second- or third-degree felony, the accused must have been between 15 and 17 years of age at the time of the alleged offense. *Id*. § 54.02(j)(2). The offense cannot have been adjudicated or have been the subject of an adjudication hearing. *Id*. § 54.02(j)(3). The juvenile court must also find from a preponderance of the evidence that, for a reason beyond the control of the State, it was not practicable to proceed in juvenile court before the eighteenth birthday of

14

the accused. *Id*. § 54.02(j)(4)(A). Finally, the juvenile court must determine that there is probable cause to believe that the child before the court committed the offense alleged. *Id.* § 54.02(j)(5).

At the hearing, the State had appellant's birth certificate admitted into evidence, proving that he was over 18 years of age at the time of the hearing. The SANE records show that D.M. was 11 years old at the time of her examination on December 17, 2020, and that the incident was alleged to have occurred when she was 8 years old. This would place the incident in 2017, when appellant was fifteen years old. The SANE records identify appellant by name and Detective Smith identified appellant in the courtroom as the subject of the investigation. Detective Smith testified that D.M. made her initial outcry in December 2020, which was after appellant's 18th birthday. Thus, the timing of D.M.'s initial outcry made it impracticable to proceed before appellant's 18th birthday. The juvenile court took judicial notice of the fact that appellant had not been adjudicated or had an adjudication hearing on any of the counts alleged by the State. The greater weight of the evidence supported the juvenile court's finding that the requirements of sections 54.02(j)(1) through (4) of the Texas Family Code were proven by a preponderance of the evidence. *See Collins v. State*, 516 S.W.3d 504, 525-26 (Tex. App.—Beaumont 2017, pet. ref'd) (finding evidence sufficient to show that

15

prosecution before appellant's eighteenth birthday was not practicable despite due diligence where certain necessary information was not known to State).

D.M.'s statements in the SANE records contain sufficient probable cause to believe that appellant penetrated D.M.'s mouth, vagina, and anus while she was 8 years old and appellant was 15. They are corroborated by the forensic interview recording and body-worn camera video admitted at the hearing. The greater weight of the evidence supported the juvenile court's finding that there was probable cause to believe that appellant committed the offense. TEX. FAM. CODE § 54.02(j)(5); *see Edwards v. State*, No. 14-21-00432-CR, 2023 WL 4248745 at *3-*4 (Tex. App.—Houston [14th Dist.] June 29, 2023, no pet.) (mem. op.) (holding that statements complainant made during SANE examination corroborated by police interview with complainant were sufficient to support probable cause for search warrant for suspect's buccal swab).

Because the evidence was both legally and factually sufficient to support the juvenile court's findings under Texas Family Code section 54.02(j), the juvenile court did not abuse its discretion in waiving its jurisdiction and ordering the transfer to district court. *Collins*, 516 S.W.3d at 526; *Edwards*, 2023 WL 4248745 at *4-*5.

## Conclusion

We affirm the juvenile court's order waiving jurisdiction over C.P.C.

16

Amparo "Amy" Guerra
Justice

Panel Consists of Justices Guerra, Gunn, and Dokupil.