**Opinion issued October 21, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00672-CV

_____

## IN THE MATTER OF C.P.C., A CHILD

___

**On Appeal from the County Court at Law No. 1**
**Galveston County, Texas**
**Trial Court Case No. 23-JV-0261**

___

## MEMORANDUM OPINION[1]

The State accused appellant, C.P.C.,[2] of the offense of sexual assault of a

child, alleging that the offense occurred while appellant was 15 years of age. *See*

___

[1] The State filed a motion for rehearing of this Court's July 17, 2025 opinion and judgment. We deny the motion for rehearing, withdraw our July 17, 2025 opinion and judgment, and issue this opinion and judgment in their place. Our disposition remains the same.

TEX. PENAL CODE § 22.021(a)(2)(B). Because appellant was over 18 years of age at the time of the proceedings, the State petitioned the juvenile court to waive its jurisdiction over appellant. *See* TEX. FAM. CODE § 54.02(j). The juvenile court granted the State's petition and waived its jurisdiction. Appellant appeals that decision, complaining of the admission of hearsay and the sufficiency of the evidence.

We affirm.

## Background

Appellant was 21 years old at the time the State filed its original petition for waiver of jurisdiction and transfer to district court. Prior to the hearing on the petition, the juvenile court had not adjudicated any of the counts the State alleged in its petition.

Detective Mandy Smith works at the Galveston Police Department's Criminal Investigations Division. In December of 2020, Galveston Police Department Officer Larry Murph referred an investigation of a suspected sexual assault of a child to Detective Smith. The complainant, D.M., made her initial

---

[2] We use pseudonyms to refer to the minor appellant and complainant. *See* TEX. R. APP. P. 9.10(a)(3).

2

outcry[3] during a therapy session. At the time D.M. made her initial outcry, appellant was 18 years and 11 months old.

Prior to the admission of any video or testimony regarding D.M.'s statements, appellant objected as follows:

> violation[s] of the Sixth Amendment right to confrontation as well, Judge, and also pursuant to 51.17(c) of the Texas Family Code states [sic]: Except as otherwise provided by this title, the Texas Rules of Evidence applicable to criminal cases and Articles 33.03 and 37.07 and Chapter 38 apply in a judicial proceeding under this title...

Appellant then requested a "running objection to everything that Detective Smith did not personally view, which is almost everything . . . ." The juvenile court granted the running objection. From the record, it does not appear that Detective Smith ever spoke with D.M.

The juvenile court allowed Detective Smith to testify as to the content of D.M.'s disclosure statement to D.M.'s grandmother, made after a disclosure during a therapy session. According to D.M.'s outcry statement, appellant sexually assaulted D.M. while D.M. was at a family friend's home in Galveston by penetrating her mouth, vagina, and anus.

---

[3] "Outcry" is a term of art used to describe the first disclosure statement that a child complainant makes to an adult. TEX. CODE CRIM. PROC. Art. 38.072; TEX. FAM. CODE § 54.031.

3

Detective Smith identified Petitioner's Exhibit 5 as a video recording of D.M.'s forensic interview conducted by Kim Keever, which Detective Smith witnessed in person. Detective Smith also testified as to the content of the video. In the video, D.M. identified her assailant by appellant's first name. Detective Smith testified that, when asked for specific details, D.M. described lying down on her back on the floor and told the interviewer that appellant had her take off her pants and her "drawers" but then D.M. shut down and did not continue to talk about the incident. D.M. ended the forensic interview without providing any more details about any alleged assault.

Detective Smith identified records created during this investigation by the sexual assault nurse examiner (SANE), explaining that nurses and health care professionals often assist in these investigations. Detective Smith testified as to the statements that D.M. made to the SANE. D.M. told the SANE that appellant penetrated her orally, vaginally, and anally. D.M. was eight years old at the time of the incidents, which occurred around Thanksgiving.

Detective Smith did not interview D.M.'s brothers or appellant's mother, all of whom were reportedly present in the home where the alleged assault occurred at the time of the incident.

Detective Smith further explained that, as part of her investigation, she considers whether the complainant has a potential motive to lie or fabricate.

4

Detective Smith's investigation did not identify issues she would consider possible motives to lie, such as relationship problems, custody battles, or other sources of outside influence from adults.

J.B.[4] is appellant's uncle. Appellant lived with J.B. when appellant was four or five years old and again when he was approximately 14 years old, around the time of this alleged incident. J.B. described appellant as obedient and said that he did his chores around the house. J.B. authenticated a number of photographs of appellant on family trips and as a Junior ROTC student.

T.S. is also appellant's uncle. T.S. authenticated photos of appellant on fishing trips and volunteering at the Special Olympics with T.S.'s daughter.

Ultimately, the juvenile court found probable cause to believe that the child before the court committed the offense alleged and that it was impracticable to proceed prior to appellant's 18th birthday because of the delayed outcry.

**Hearsay Statements**

In his first issue, appellant argues that "the juvenile court violated Appellant's Sixth Amendment rights by admitting hearsay evidence without a right to confrontation."

---

[4]    Because C.P.C. is a respondent in a juvenile case, we use pseudonyms for his family members to avoid disclosing identifying information. TEX. FAM. CODE § 58.007 (West 2025).

**A.    Standard of Review**

We review a juvenile court's ruling to admit or exclude evidence at a waiver and transfer hearing for an abuse of discretion. *In re A.W.*, 661 S.W.3d 547, 552 (Tex. App.—Houston [14th Dist] 2023, pet. denied) (citing *In re H.Y.*, 512 S.W.3d 467, 473 (Tex. App.—Houston [1st Dist.] 2016, pet. denied)). An abuse of discretion only occurs if the court's ruling is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *H.Y.*, 512 S.W.3d at 473 (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008)). Reversal is only warranted where the error probably caused the rendition of an improper judgment. *A.W.*, 661 S.W.3d at 552.

**B.    Analysis**

Appellant argues that the juvenile court violated his right to confrontation by admitting hearsay evidence over counsel's objection and without a hearing to determine the veracity of the statements pursuant to section 54.031 of the Texas Family Code. Additionally, according to appellant, the rules of evidence apply to a juvenile certification proceeding pursuant to section 51.17(c) of the Texas Family Code.

### I.    The Outcry Statement and Forensic Interview

To the extent that appellant objects based on the confrontation clause, we cannot say that his rights were violated. Because a juvenile transfer hearing is

dispositional rather than adjudicational in nature, a juvenile court may consider hearsay without violating the juvenile's right to confrontation. *In re S.J.M.*, 922 S.W.2d 241, 242 (Tex. App.—Houston [14th Dist.] 1996, no writ).

Pertaining to the outcry statement, appellant did not object based on section 54.031 but, instead, chapter 38 of the Texas Code of Criminal Procedure as incorporated by section 51.17(c) of the Texas Family Code. Article 38.072 and section 54.031 are substantively similar, except section 54.031 allows the admission in certain circumstances of the hearsay statement of a child 12 years of age or younger, *see* TEX. FAM. CODE § 54.031(a), and article 38.072 allows the admission in certain circumstances of a hearsay statement of a child under 14 years of age, *see* TEX. CODE CRIM. PROC. art. 38.072 § 2(a)(1)(B)(ii). Because the specific grounds for this objection are apparent from the context, this claim is preserved for appellate review. TEX. R. APP. P. 33.1(a).

Texas Family Code section 51.17(c) states that, "[e]xcept as otherwise provided by this title, the Texas Rules of Evidence applicable to criminal cases and articles 33.03 and 33.07 and chapter 38, Code of Criminal Procedure, apply in a judicial proceeding under this title." "[T]his title" refers to Title 3 of the Texas Family Code, i.e., the Juvenile Justice Code, and includes section 54.02, the statute governing certification proceedings. Section 54.02(e) lists several documents that the juvenile court may consider that likely contain hearsay, opinion testimony, or

7

both, specifically including: "written reports from probation officers, professional court employees, guardians ad litem appointed under section 51.11(d), or professional consultants in addition to the testimony of witnesses." TEX. FAM. CODE § 51.11(d) (West 2025).

There appears to be no published opinion that indicates whether the Texas Rules of Evidence or article 38.072 of the Texas Code of Criminal Procedure applies to juvenile transfer proceedings pursuant to section 51.17(c) of the Texas Family Code. However, the courts of appeal have characterized transfer proceedings as dispositional and not adjudicational, allowing for the admission of hearsay statements and testimonial statements from witnesses who are not present. *See, e.g.*, *A.W.*, 661 S.W.3d at 553, 554-55; *L.M.C. v. State*, 861 S.W.2d 541, 542 (Tex. App.—Houston [14th Dist.] 1993, no pet.) (holding rights to confrontation not violated where evidence is not used to adjudicate guilt or innocence). In this case, we need not resolve whether the Texas Rules of Evidence or article 38.072 of the Texas Code of Criminal Procedure applies to juvenile transfer proceedings because, even if we were to reach that claim, it would not result in the reversal of the juvenile court's order in this case. *In re H.Y.*, 512 S.W.3d at 474 (citing TEX. R. APP. P. 47.1 (appellate court's opinion should address those issues necessary to disposition of appeal)).

## II.    Harm Analysis

We cannot say that appellant suffered harm from any alleged error in admitting the outcry testimony without the proper procedural requirements, where the juvenile court properly admitted other evidence that contained the same information that supported the probable cause finding. *Zarco*, 210 S.W.3d at 832-33 (finding admission of outcry statement where notice was deficient harmless error because other similar evidence from complaining witness was admitted at trial without objection); *Duncan*, 95 S.W.3d at 672 (finding error admitting outcry statement without a hearing was harmless because other similar evidence from complaining witness was admitted at trial without objection).

This Court can only reverse a juvenile court's order waiving jurisdiction if the error probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1); *see A.W.*, 661 S.W.3d at 552 (holding no harm demonstrated where there "was an abundance of evidence to support the trial court's finding").

As discussed above, pursuant to section 54.02(e), the juvenile court can consider certain reports notwithstanding the rules of evidence, such as written reports from probation officers, professional court employees, guardians ad litem, or professional consultants. TEX. FAM. CODE § 54.02(e). Although the SANE report is not listed as one of these reports, it appears to have been properly admitted and would have survived any applicable evidentiary objection.

9

Generally, a document must be authenticated by a person who has personal knowledge of its contents and who can testify that the document is what the proponent claims that it is. TEX. R. EVID. 901; *Fowler v. State*, 544 S.W.3d 844, 850 (Tex. Crim. App. App. 2018) (holding that police officer authenticated store surveillance video by cross-referencing time on receipt found on scene with time stamp on video). In the case of a patient's statements in medical records, such statements are admissible if they are made for the purpose of diagnosis or treatment. TEX. R. EVID. 804(3). A statement in the records by the treatment provider is typically admissible as a record of a regularly conducted activity. *Id*. R. 803(6).

Detective Smith recognized and identified the SANE report as "a physical done by one of the nurses or medical professionals that we work with on the cases." The juvenile court admitted the record and the statements it contained. The record contained statements by D.M. again alleging that appellant penetrated D.M. orally, vaginally, and anally at a location in Galveston County, Texas when D.M. was eight years old. This record alone would have been sufficient for the juvenile court to make its probable cause finding pursuant to section 54.02(j)(5) of the Texas Family Code. Appellant was not harmed by the admission of the forensic interview and outcry statement under these circumstances, where other evidence that would have been admissible under the Texas Rules of Evidence provided the

10

same—if not more—inculpatory information than the hearsay statements in the forensic interview and Detective Smith's testimony. *Nino v. State*, 223 S.W.3d 749, 754 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (finding harmless error in admitting hearsay through improper outcry witness where additional admissible evidence provided same information).

Having found that appellant was not harmed by the admission of the forensic interview and outcry statement through Detective Smith, we now turn to appellant's second issue.

## Sufficiency of the Evidence

In his second issue, appellant argues that the evidence is insufficient to support the juvenile court's decision to waive its jurisdiction under section 54.02(j) of the Texas Family Code.

## A.    Standard of Review

Our review of a transfer order is two-pronged. *In re C.M.M.*, 503 S.W.3d 692, 701 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). First, we review a juvenile court's fact findings in support of a transfer decision under traditional evidentiary sufficiency principles. *H.Y.*, 512 S.W.3d at 478-79. We view the evidence in the light most favorable to the challenged finding and, if more than a scintilla of the evidence supports a finding, the evidence is legally sufficient. *In re J.W.W.*, 507 S.W.3d 408, 413 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

Under a factual sufficiency challenge, we consider all the evidence presented to determine if the juvenile court's findings are against the great weight and preponderance of the evidence making those findings clearly wrong or unjust. *C.M.M.*, 503 S.W.3d at 701.

Second, we review the juvenile court's waiver decision for an abuse of discretion. *C.M.M.*, 503 S.W.3d at 701. A juvenile court abuses its discretion when it acts arbitrarily or outside of the zone of reasonable disagreement. *See id.*

**B.    Analysis**

This was a transfer under Texas Family Code section 54.02(j).

A juvenile court may waive its exclusive original jurisdiction and transfer a person 18 years of age or older to the appropriate district court or criminal district court for criminal proceedings if certain criteria are met. TEX. FAM. CODE § 54.02(j)(1). For a second- or third-degree felony, the accused must have been between 15 and 17 years of age at the time of the alleged offense. *Id.* § 54.02(j)(2). The offense cannot have been adjudicated or have been the subject of an adjudication hearing. *Id.* § 54.02(j)(3). The juvenile court must also find from a preponderance of the evidence that, for a reason beyond the control of the State, it was not practicable to proceed in juvenile court before the eighteenth birthday of the accused. *Id.* § 54.02(j)(4)(A). Finally, the juvenile court must determine that

there is probable cause to believe that the child before the court committed the offense alleged. *Id.* § 54.02(j)(5).

At the hearing, the State had appellant's birth certificate admitted into evidence, proving that he was over 18 years of age at the time of the hearing. The SANE records show that D.M. was 11 years old at the time of her examination on December 17, 2020, and that the incident was alleged to have occurred when she was eight years old. This would place the incident in 2017, when appellant was fifteen years old. The SANE records identify appellant by name and Detective Smith identified appellant in the courtroom as the subject of the investigation. Detective Smith testified that D.M. made her initial outcry in December 2020, which was after appellant's 18th birthday. Thus, the timing of D.M.'s initial outcry made it impracticable to proceed before appellant's 18th birthday. The juvenile court took judicial notice of the fact that appellant had not been adjudicated or had an adjudication hearing on any of the counts alleged by the State. The greater weight of the evidence supported the juvenile court's finding that the requirements of sections 54.02(j)(1) through (4) of the Texas Family Code were proven by a preponderance of the evidence. *See Collins v. State*, 516 S.W.3d 504, 525-26 (Tex. App.—Beaumont 2017, pet. ref'd) (finding evidence sufficient to show that prosecution before appellant's 18th birthday was not practicable despite due diligence where certain necessary information was not known to State).

13

D.M.'s statements in the SANE records contain sufficient information to find probable cause to believe that appellant penetrated D.M.'s mouth, vagina, and anus while she was eight years old and appellant was 15. They are corroborated by the forensic interview recording and body-worn camera video admitted at the hearing. The greater weight of the evidence supported the juvenile court's finding that there was probable cause to believe that appellant committed the offense. TEX. FAM. CODE § 54.02(j)(5); *see Edwards v. State*, No. 14-21-00432-CR, 2023 WL 4248745 at *3-*4 (Tex. App.—Houston [14th Dist.] June 29, 2023, no pet.) (mem. op.) (holding that statements complainant made during SANE examination corroborated by police interview with complainant were sufficient to support probable cause for search warrant for suspect's buccal swab).

Because the evidence was both legally and factually sufficient to support the juvenile court's findings under Texas Family Code section 54.02(j), the juvenile court did not abuse its discretion in waiving its jurisdiction and ordering the transfer to district court. *Collins*, 516 S.W.3d at 526; *Edwards*, 2023 WL 4248745 at *4-*5.

**Conclusion**

We affirm the juvenile court's order waiving jurisdiction over C.P.C.

Amparo "Amy" Guerra
Justice

Panel Consists of Justices Guerra, Gunn, and Dokupil.